## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MARCEL F.M. HERBERMANN, Individually and On Behalf of All Others Similarly Situated, <br><br>       Plaintiff, <br><br>     v. <br><br> 3D SYSTEMS CORPORATION, JEFFREY A. GRAVES, and JEFFREY D. CREECH, <br><br>       Defendants. | Case No. 1:25-cv-00734-GBW <br><br> Hon. Judge Gregory B. Williams <br><br> Class Action |

## DEFENDANTS' RESPONSE TO NEILS VOCHTEN'S
## <u>MOTION FOR RECONSIDERATION</u>

Defendants take no position on the appointment of the lead plaintiff in this case, in light of the Third Circuit's statement that district courts "should not permit or consider any arguments by defendants" regarding the appointment of the lead plaintiff. *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001); *see* D.I. 15. Moreover, "[t]he decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." *In re Essar Steel Minn. LLC*, 2025 WL 1743987, at *1 (D. Del. June 24, 2025) (citation omitted). Accordingly, Defendants submit this response only to state that this Court did not commit a clear error of law or fact that *requires* reconsideration.

Mr. Vochten argues that this Court made a clear error of fact when it "construed" his filings "as 'list[ing] Mr. Vochten as the only shareholder [of 3D Systems] during the Class Period.'" (D.I. 17 at 3-4.) Insofar as the Court made such a clear error, it would not require reconsideration because it would not have altered the Court's decision that Mr. Vochten is not an adequate lead plaintiff. *See Garrison v. Town of Bethany Beach*, 2001 WL 640799, at *1 (D. Del. Apr. 11, 2001)

(explaining that even if a court commits a clear error of fact, "there is no need to grant a motion for reconsideration if it would not alter the court's initial decision").

Mr. Vochten next argues that this Court made a clear error of law when it denied his motion to be appointed lead plaintiff based on his "relatively modest investment loss." (D.I. 17 at 6-8.) Mr. Vochten does not identify any Third Circuit precedent in conflict with this Court's decision. Mr. Vochten cites out-of-Circuit district court cases appointing lead plaintiffs with "relatively small investment losses" (*Id.*),[1] but since "the Court is not bound by those decisions … failure to follow them is not a manifest error of law." *Robinson v. Kirsch*, 2023 WL 2601911, at *2 (E.D. Pa. Mar. 21, 2023).

Finally, Mr. Vochten argues that this Court clearly erred as a matter of law because its decision "would result in the appointment of no Lead Plaintiff at all." (D.I. 17 at 8.) But as Mr. Vochten notes, the Exchange Act only provides that "a court, *if faced with at least one candidate for Lead Plaintiff who meets the PSLRA's criteria*, must appoint a Lead Plaintiff from among those candidates." (*Id.* at 9 (emphasis added).)[2] As the Court concluded that Mr. Vochten did not meet those criteria, the Court did not clearly err in denying Mr. Vochten's motion to be appointed lead plaintiff.

---

[1] *But see, e.g.*, *Chang v. Customers Bancorp, Inc.*, 2025 WL 1748357, at *4 (E.D. Pa. June 24, 2025) (denying motion to be appointed lead plaintiff because, *inter alia*, the movant's "minimal holdings and losses give this Court serious pause as to his adequacy to serve as lead plaintiff"); *Guo v. Tyson Foods, Inc.*, 2023 WL 3765052, at *2 (E.D.N.Y. June 1, 2023) (overruling objections to report and recommendation denying motion to be appointed lead plaintiff where the Magistrate Judge held that the movants "were not adequate lead plaintiffs because their combined alleged losses were insufficient"); *McCormack v. Dingdong (Cayman) Ltd.*, 2022 WL 17336586, at *5 (S.D.N.Y. Nov. 30, 2022) (denying motion to be appointed lead plaintiff because, *inter alia*, the movant "claims only $504.40 in losses," and "[i]n the realm of securities litigation, this is a token amount"); *Bosch v. Credit Suisse Grp. AG*, 2022 WL 4285377, at *4 (E.D.N.Y. Sept. 12, 2022).

[2] *Bosch*, 2022 WL 4285377, at *6 (rejecting movant's argument that the Exchange Act "requires that the Court appoint him lead plaintiff simply because he is the sole movant").

In all, Defendants do not take a position on the appointment of lead plaintiff in this case and "[t]he decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court," but this Court did not commit a clear error of law or fact that *requires* reconsideration. *In re Essar Steel Minn. LLC*, 2025 WL 1743987, at \*1 (citation omitted).

ROSS ARONSTAM & MORITZ LLP

*/s/ S. Michael Sirkin*
S. Michael Sirkin (Bar No. 5389)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
msirkin@ramllp.com

*Of Counsel:*

Elizabeth Gingold Clark (admitted *pro hac vice*)
Timothy J. Fitzmaurice (admitted *pro hac vice*)
Charlotte M. Bohn (admitted *pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
(404) 881-7000
elizabeth.clark@alston.com
tim.fitzmaurice@alston.com
charlotte.bohn@alston.com

Dated: November 11, 2025

*Counsel for Defendants*