# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MARCEL F.M. HERBERMANN, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>3D SYSTEMS CORPORATION, JEFFREY A. GRAVES, and JEFFREY D. CREECH,<br><br>                    Defendants. | C.A. No.  1:25-cv-00734-GBW<br><br>Hon. Judge Gregory B. Williams<br><br><u>CLASS ACTION</u> |

**[PROPOSED] REPLY BRIEF IN FURTHER SUPPORT OF
NIELS VOCHTEN'S MOTION FOR RECONSIDERATION**

**BIELLI & KLAUDER, LLC**
Ryan M. Ernst, Esq.
1204 N. King Street
Wilmington, DE 19801
Main: (302) 803-4600
Direct: (302) 321-5411
rernst@bk-legal.com

November 24, 2025

OF COUNSEL:

**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016

Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

Niels Vochten respectfully submits this proposed Reply Brief in further support of his motion, pursuant to Rule 7.1.5[1], for reconsideration of this Court's Order (Dkt. No. 16) denying Mr. Vochten's Lead Plaintiff Motion (Dkt. No. 8) (the "Reconsideration Motion").

## ARGUMENT

### I. THE COURT'S READING OF MR. VOCHTEN'S DAMAGES ANALYSIS APPEARS TO HAVE INFORMED ITS INITIAL DECISION

In his Opening Brief, Mr. Vochten most respectfully submitted that the Court made a clear error of fact when it interpreted Mr. Vochten's Damages Analysis (Dkt. No. 10-1) as "list[ing] Mr. Vochten as the only shareholder [of 3D Systems during the Class Period," when the Damages Analysis was submitted merely to demonstrate Mr. Vochten's individual financial interest in this litigation. Dkt. No. 17 at 3. Defendants argue that "[i]nsofar as the Court made such a clear error, it would not require reconsideration because it would not have altered the Court's decision that Mr. Vochten is not an adequate lead plaintiff." Dkt. No. 18 at 1.

The text of the Court's Order does not support Defendants' position. It states, in relevant part:

> Although Mr. Vochten claims that he is the "most adequate plaintiff",
> an expenditure of $199 and loss of approximately $116 from the actions
> complained of belies the credibility of Mr. Vochten's representation

---

[1] Unless otherwise specified, all capitalized terms herein are defined in Mr. Vochten's Opening Brief. *See generally* Dkt. No. 17.

1

that he is the "most adequate plaintiff", the appropriateness of Mr. Vochten as the lead Plaintiff or being able to select Lead Counsel, and/or the appropriateness of this lawsuit as a class action. ***Moreover, [the Damages Analysis] appears to list Mr. Vochten as the only shareholder during the Class Period. If that is the case, Mr. Vochten would not otherwise satisfy the requirements of Rule 23.*** For instance, if Mr. Vochten is the only shareholder who purchased stock during the Class Period, the putative class is not so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a). Rather, this action may not be appropriate as a class action.

Dkt. No. 16 at 1 (internal citations omitted) (emphasis added).

The Court's evaluation of the putative Class's numerosity plainly took place in the context of its evaluation of Mr. Vochten's satisfaction of the requirements of Rule 23, which requirements include adequacy. The Order states: "***If*** [it] is the case" that "Mr. Vochten is the only shareholder who purchased 3D Systems stock during the Class Period," then "Mr. Vochten would not otherwise satisfy the requirements of Rule 23." Dkt. No. 16. The Court's "if, then" formulation thus sets forth a premise (the Court's erroneous finding that Mr. Vochten was the only investor in 3D Systems stock during the Class Period) followed by its conclusion (that Mr. Vochten does not satisfy the requirements of Rule 23, including adequacy). Given that the ***express*** premise of the Court's conclusion relied on a misreading of Mr. Vochten's Damages Analysis, Defendants cannot summarily claim that a correct reading of the Damages analysis "would ***not*** have altered the Court's decision that Mr. Vochten is not an adequate lead plaintiff." Dkt. No. 18 at 1 (emphasis added).

2

## II.   MR. VOCHTEN IS ADEQUATE UNDER RULE 23 AND THE PSLRA THUS MANDATES HIS APPOINTMENT AS LEAD PLAINTIFF

In his Opening Brief, Mr. Vochten asserted that "the denial of Mr. Vochten's Lead Plaintiff Motion—the only such motion before the Court—would result in the appointment of no lead plaintiff at all" and that such an outcome would "constitute a clear error of law[.]" Dkt. No. 17 at 8-9 (internal quotations and citations omitted). In their Opposition, Defendants characterize Mr. Vochten's position as arguing that failing to appoint any lead plaintiff *per se* constitutes an error of law.

Not so.  Mr. Vochten does not urge the Court to appoint him as Lead Plaintiff regardless of whether he satisfies the PSLRA's requirements for that role, simply because the PSLRA demands that a Lead Plaintiff be appointed.  Rather, Mr. Vochten's Opening Brief expressly acknowledges that appointment of a lead plaintiff is mandatory only if the Court is "faced with at least one candidate for Lead Plaintiff who meets the PSLRA's criteria." Dkt. No. 17 at 9.  Here, as set forth at length in Mr. Vochten's Lead Plaintiff Motion papers (*see generally* Dkt. Nos. 8-10) and Opening Brief in support of his Reconsideration Motion (*see generally* Dkt. No. 17), there is no basis in the record for finding that Mr. Vochten is inadequate under Rule 23 or otherwise fails to meet the PSLRA's criteria for appointment as Lead Plaintiff.

Accordingly, if the Court reconsiders its Order and determines that Mr. Vochten *is* an adequate class representative under Rule 23—as it should—then the

3

statute mandates that the Court grant his motion, because Mr. Vochten will have satisfied all of the PSLRA's criteria for appointment as Lead Plaintiff: (1) he has alleged the largest financial interest in the relief sought by any putative class member seeking to serve as Lead Plaintiff; (2) he is adequate and typical within the meaning of Rule 23; and (3) he is not subject to any disqualifying unique defenses or otherwise incapable of adequately representing this Class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)-(II). Having satisfied the statutory criteria to qualify as the "most adequate plaintiff" of the putative Class in this litigation, the PSLRA clearly states that the Court "shall" appoint Mr. Vochten as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i).

## CONCLUSION

For the foregoing reasons, and for the reasons stated in his Opening Brief (Dkt. No. 17), Vochten respectfully requests that the Court grant Mr. Vochten's motion for reconsideration and issue an Order: (1) appointing Vochten as Lead Plaintiff for the Class; and (2) approving his selections of Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

Dated: November 24, 2025                    Respectfully submitted,

**BIELLI & KLAUDER, LLC**

*/s/ Ryan M. Ernst*
Ryan M. Ernst, Esq. (No. 4788)
1204 N. King Street
Wilmington, DE 19801

4

Main: (302) 803-4600
Direct: (302) 321-5411
rernst@bk-legal.com

*Counsel for Lead Plaintiff Movant Niels Vochten and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Niels Vochten and Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant Niels Vochten*

5