**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MARCEL F.M. HERBERMANN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>3D SYSTEMS CORPORATION, JEFFREY A. GRAVES, and JEFFREY D. CREECH,<br><br>Defendants. | Civil Action No. 25-734-GBW |

**MEMORANDUM ORDER**

AND NOW, this 24th day of August 2026,

WHEREAS, on August 12, 2025, Niels Vochten ("Petitioner") filed a Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Motion") (D.I. 8), wherein Petitioner moved the Court to (1) appoint Petitioner as Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and (2) approve Petitioner's selection of Pomerantz LLP as Lead Counsel and Bielli & Klauder, LLC as Liaison Counsel;

WHEREAS, the Court denied Petitioner's Motion in an Oral Order dated October 14, 2025 (D.I. 16);

WHEREAS, on October 28, 2025, Petitioner filed a Motion for Reconsideration (D.I. 17), which sought reconsideration of the Court's Oral Order (D.I. 16) and, on November 11, 2025, Defendant filed a response (D.I. 18);

WHEREAS, on November 24, 2025, Petitioner filed a Motion for Leave to File a Reply (D.I. 19), in light of Defendant's response (D.I. 18);

WHEREAS, "the decision to grant a motion for reconsideration is within the discretion of the district court," *Cirba Inc. v. VMware, Inc.*, No. CV 19-742-GBW, 2023 WL 2428716, at *1 (D. Del. Mar. 9, 2023); *see also Arnold v. X Corp.*, No. 1:23-CV-00528-TMH, 2026 WL 145920, at *1 (D. Del. Jan. 20, 2026) (Hughes, J., sitting by designation) ("Reconsideration is only appropriate where the movant establishes at least one of the following grounds: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.' The court may nonetheless deny the motion where it would not alter the court's initial decision." (cleaned up));

WHEREAS, the presumption that a movant is the "most adequate plaintiff" under the PSLRA attaches when the movant, *inter alia*, "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc);

WHEREAS, at this stage of the litigation, the movant must make a "*prima facie* showing of typicality and adequacy" under Federal Rule of Civil Procedure 23, *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001); *see also id.* at 264 ("In conducting the initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements, the court may and should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted.");

WHEREAS, the Court finds that Plaintiff has not made a *prima facie* showing under Rule 23(a) of his "ability and incentive to represent the claims of the class vigorously," *see id.* at 265, in light of his minimal claimed losses and his lack of any sufficient showing that he has background

or investing experience or experience managing attorneys in litigation, and therefore has not made a proper showing that he is the "most adequate plaintiff" to serve as Lead Plaintiff in this action;[1]

WHEREAS, the Court is not persuaded that Petitioner has shown any intervening change in the controlling law, the availability of new evidence that was unavailable when the Court issued its Oral Order (D.I. 16), or "the need to correct a clear error of law or fact or to prevent manifest injustice," *Arnold*, 2026 WL 145920, at *1 (citation omitted);

* * *

**IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Reconsideration (D.I. 17) is **DENIED**.

2. Petitioner's Motion for Leave to File a Reply (D.I. 19) is **DENIED-AS-MOOT**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

[1] *See, e.g.*, *Chang v. Customers Bancorp, Inc.*, No. CV 24-6416, 2025 WL 1748357, at *4 (E.D. Pa. June 24, 2025) (movant with losses of $16 did not satisfy Rule 23's adequacy requirement due to his "minimal holdings and losses" and because the movant's declaration provided "no additional information regarding [his] background or investing experience and [gave] no indication he ha[d] any experience managing attorneys in litigation or negotiating retainer agreements"); *see also In re Cendant Corp. Litig.*, 264 F.3d at 265-66 (explaining that "a court might conclude that the movant with the largest losses could not surmount the threshold adequacy inquiry if it lacked legal experience or sophistication, intended to select as lead counsel a firm that was plainly incapable of undertaking the representation, or had negotiated a clearly unreasonable fee agreement with its chosen counsel"); *Bosch v. Credit Suisse Grp. AG*, No. 22-CV-2477 (ENV), 2022 WL 4285377, at *4-*5 (E.D.N.Y. Sept. 12, 2022) (finding that movant did not preliminarily satisfy the adequacy requirement of Rule 23 where movant suffered losses totaling $621); *McCormack v. Dingdong (Cayman) Ltd.*, No. 22-CV-7273 (VSB), 2022 WL 17336586, at *5 (S.D.N.Y. Nov. 30, 2022) (similar, where movant claimed $504.40 in losses and "submitted only a pro forma certification that includes no details about his background, years of investing experience, or other indicia of sophistication").